UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ERIC JOHN DUARTE,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIDGEWATER STATE HOSPITAL, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 24-10592-JCB<br>)<br>)<br>)<br>)<br>) |

ORDER ON MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS, ORDER FOR REASSIGNMENT, AND RECOMMENDATION FOR DISMISSAL

August 15, 2024

Boal, M.J.

Pro se plaintiff Eric J. Duarte, a pretrial detainee currently confined at Bridgewater State Hospital ("BSH"), brings this action concerning alleged events while he was confined at the Norfolk County Correction Center ("NCCC") and that have occurred during his confinement at BSH. Docket No. 1. Duarte has also filed renewed motions for leave to proceed in forma pauperis, Docket Nos. 5, 9, and a motion for discharge from order of civil commitment, Docket No. 10.[1] For the reasons set forth below, the Court will grant the motions for leave to proceed in forma pauperis, order that this action be reassigned to a District Judge, recommend to the

---

[1] The motion for discharge was accompanied by an assortment of documents which appear to include randon pages of what might be a document in support of the request for discharge and pages of an amended/supplemental pleading. Except for the request for discharge, supporting affidavit, and challenged commitment order, Docket Nos. 10, 10-2, 10-9 p. 4, the Court disregards the documents filed on June 25, 2024. It is Duarte's responsibility to submit documents in an organized fashion.

assigned District Judge that this action be dismissed for failure to state a claim upon which relief may be granted, and recommend to the District Judge that the motion for discharge be denied.

I.      Motions For Leave To Proceed In Forma Pauperis

Upon review of Duarte's renewed motions for leave to proceed in forma pauperis, Docket Nos. 5, 9, the Court concludes that Duarte is without income or assets to prepay the filing fee and GRANTS the motions. No initial partial filing fee is assessed. The $350 statutory filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2).[2] The Clerk shall provide a copy of this order to the treasurer of the institution having custody of Duarte.

II.     Order To Reassign Case To A District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. The parties are required to inform the Court within 30 days after the last party is served whether they consent or refuse to consent to the final jurisdiction of a Magistrate Judge. Absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to dismiss a complaint for failure to state a claim upon which relief may be granted or otherwise involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

This action was drawn to the undersigned Magistrate Judge under the above-described protocol. The parties to this action have not indicated whether they consent or refuse to consent to the jurisdiction of the Magistrate Judge, and the time to do so has not yet expired.

As set forth below, this Court concludes that this action is subject to sua sponte dismissal for failure to state a claim upon which relief may be granted. Notwithstanding, because the

---

[2] The $55 administrative fee for filing a non-habeas action is waived for any litigant who is permitted to proceed in forma pauperis.

parties have not consented to the final assignment of this case to the Magistrate Judge, this Court is unable to dismiss the action. For that reason, this Court orders that the Clerk of Court reassign this case to a District Judge.

III. Review Of The Complaint

    A. Court's Authority To Review The Complaint

When a party is proceeding without prepayment of the filing fee this Court conducts a preliminary review of the complaint and may dismiss the pleading or any claim therein that is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party that is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, any prisoner complaint against a government entity or employee is subject to an identical review regardless of the status of the filing fee. 28 U.S.C. § 1915A.

    B. Duarte's Claims

In his complaint, Duarte alleges that, while he was confined at NCCC and BSH, he was subject to sexual discrimination and a "custom" of "stalking to harass." See, e.g., Docket No. 1 ¶¶ 71, 73, 75, 86, 95, 96, 99, 100, 106, 107, 108, 112-118, 146, 151, 153, 156, 177. According to Duarte, BSH staff and NCCC staff coordinated to ensure that Duarte experienced the same discrimination and harassment at both institutions. This harassment included subjecting Duarte to "repeated unwelcome physical conduct of [a] sexual nature, including but not limited to stalking to harass" and to "persistent, unwanted, often immoral sexual advances," sometimes using an "electronic comm device." ¶ 99; see also ¶106 (alleging that Duarte was subjected to "persistent, unwanted, often immoral sexual advances and requests for sexual favors, including . . . watch[ing] them have sex, force[d] to watch gang-rapes of female staff, and . . . sexual misconduct and stalking to harass through but not limited to electronic comm device"); ¶ 113

(alleging that NCCC employes "conspired in agreement to implement municipality customer stalking to harass as form of sexual discrimination through but not limited to electronic comm device," which resulted in Duarte being sent to BSH three times from September 2021 through 2023); ¶ 153 (alleging that BSH and NCCC employees "conspired in agreement to commit overt acts of implementing a municipality custom of stalking to harass through but not limited to electronic comm device from September 2021 through present day February 2024 . . . directed at the plaintiff all hours of the day and night there is multiple officials that stalk and harass the plaintiff").

Duarte further claims that, when he complained of the harassment and stalking, employees at the two facilities refused to investigate the matter, breached their duties of confidentiality, and retaliated against him. See, e.g., id. ¶¶ 73, 81, 87, 88, 91. The alleged retaliatory acts by NCCC staff included having him transferred to BSH to undergo involuntary forensic evaluations in 2021, 2022, and 2023. See, e.g., id. ¶ 75. Duarte also alleges that BSH forensic evaluators falsified their reports concerning Duarte and failed to include exculpatory information. See, e.g., id. ¶¶ 225, 226, 231-235, 240.

Duarte brings this action against nineteen parties—the Massachusetts Department of Correction, the Massachusetts Commissioner of Correction, and administrators and staff of NCCC and BSH (including medical professionals employed by Wellpath Care). He asserts claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and M.G.L. ch. 12, §§ 11H, 11I, as well as state tort claims for negligence, gross negligence, and intentional infliction of emotional distress.

C. Discussion

To state a claim upon which relief may be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

4

8(a)(2). Where it is clear from the face of the complaint and other documents subject to judicial notice that the action will not survive a common affirmative defense, the complaint fails to state a claim upon which relief may be granted. See Bock v. Jones, 549 U.S. 199, 215 (2007); Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc., 79 F.4th 1, 2 (1st Cir. 2023).

Res judicata is a common affirmative defense, see Fed. R. Civ. P. 8(c)(1), which prevents a plaintiff from bringing certain claims that the plaintiff litigated or could have litigated in an earlier action (claim preclusion) or from relitigating an issue actually decided in a litigant's prior case (issue prelusion). See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 590 U.S. 405, 411-12 (2020).[3]

Here, all of Duarte's claims concerning the defendants' alleged conduct before December 1, 2023 are barred by claim preclusion based on the March 22, 2024 dismissal of Duarte v. Bridgewater State Hospital, C.A. No. 23- 11771-MJJ (D. Mass.). In that action, on December 7, 2023—after the Court had directed Duarte to file an amended complaint if he wished to proceed—Duarte filed a proposed "First Amended Supplemental Complaint" dated December 1, 2023 in which he asserted claims against almost all of the defendants in this action. Docket No. 11-1. Duarte's claims in that pleading were substantially similar if not identical to those he asserts in this case: a conspiracy between NCCC and BSH employees to implement a custom of "stalk to harass" against him; defendants subjecting him to unwelcome physical conduct and advances of a sexual nature; retaliatory transfers to BSH for the 2021, 2022, and 2023 forensic evaluations; falsification of the 2021 and 2022 forensic reports; and breaches of confidentiality.

---

[3] The doctrine of res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." Cruz Berrios v. Gonzalez-Rosario, 630 F.3d 7, 11 (1st Cir. 2010) (alteration in original; footnote omitted) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

On March 22, 2024, Judge Myong Joun dismissed the action for failure to state a claim upon which relief could be granted.  Docket No. 30.  Judge Joun found that Duarte's allegations in the First Amended Supplemental Complaint were "largely conclusory and vague" and "without . . . factual content that would support [his] broad allegations" of harassment, retaliation, or intimidation."  Id. at 2.  Judge Joun further concluded that, "where Duarte [did] identify specific acts of alleged misconduct, these alleged facts, treated as true, [did] not indicate that the defendants [were] liable to Duarte."  Id.  Duarte's appeal of the dismissal is pending.  See Duarte v. Bridgewater State Hosp., No. 24-1387 (1st Cir.).

All of the requirements for claim preclusion vis-à-vis events alleged in the present action that occurred prior to December 1, 2023 are met: "(1) a final judgment on the merits in an earlier action[4]; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." Benenson v. Comm'r, 887 F.3d 511, 516 (1st Cir. 2018) (quoting Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991)).  Thus, any claims in the complaint based on events occurring prior to December 1, 2023 are barred by claim preclusion.  Further, Duarte's claims concerning patterns of conduct that commenced prior to December 1, 2023 but persisted thereafter, see, e.g., Docket No. 1 ¶¶ 106, 109 (referring to conduct in November 2023 "through this present day February 2024") are barred by issue preclusion.

The only possible claim not barred by claim or issue preclusion would be one concerning the alleged falsification of the forensic evaluation that was completed in 2024.  See id. ¶¶ 239-

---

[4] A dismissal for failure to state a claim is a "judgment on the merits," Airframe Systems, Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010), and "a federal court judgment has res judicata effect as soon as it is issued notwithstanding the possibility or even pendency of an appeal," Washington v. State Street Bank & Trust Co., 14 Fed. App'x 12, 16 (1st Cir. 2001).
.

244. Nonetheless, any such claim fails to state a claim upon which relief. A defendant who conducted a psychiatric or psychological examination of Duarte pursuant to a court order has immunity for their conduct in completing the exam and furnishing a written report. See Harden v. Green, 27 Fed. App'x 173, 177 (4th Cir. 2001); Hughes v. Long, 242 F.3d 121, 127–28 (3d Cir. 2001).

IV.    Motion For Discharge

In the motion for discharge, Docket No. 10, Duarte seeks relief from an April 2, 2024 state court order finding Duarte incompetent to stand trial and committing him to BSH "for a period not to exceed six months, or until such time as there is no longer a likelihood of serious harm by reason of mental illness, whichever period is shorter," Docket No. 10-9 at 4. The Court recommends to the District Judge that this motion be denied. Challenges to the fact or duration of one's confinement by the government must be asserted in a petition for a writ of habeas corpus. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Further, Duarte does not show that a federal court's interference in his pending state criminal action is justified. See In re Justs. of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 19 (1st Cir. 2000) ("With the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief, as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings.").

V.     Conclusion

In accordance with the foregoing, the Court hereby:

1.     GRANTS the motions for leave to proceed in forma pauperis, Docket Nos. 5, 9;

2.     ORDERS that this case be reassigned to a District Judge;

      3.     RECOMMENDS to the District Judge that this action be DISMISSED for failure to state a claim upon which relief may be granted; and

      4.     RECOMMENDS to the District Judge that the motion for discharge, Docket No. 10, be DENIED.

VI.     <u>NOTICE OF RIGHT TO OBJECT</u>

Plaintiff is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections. Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. <u>See</u> <u>Keating v. Secretary of Health and Human Services</u>, 848 F.2d 271 (1st Cir. 1988); <u>United States v. Emiliano Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-379 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

                                                                 SO ORDERED.

                                                       /s/ Jennifer C. Boal
                                                  JENNIFER C. BOAL
                                                  United States Magistrate Judge